# IN THE COURT OF APPEALS OF IOWA

No. 19-1931
Filed September 1, 2021

**MICHAEL LAMONT BLACK,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse, Judge.

Michael Black appeals the denial of his second application for postconviction relief. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., May, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

Michael Black appeals the denial of his second postconviction-relief (PCR) application,[1] claiming actual innocence after pleading guilty to third-degree sexual abuse in 2012. His claim is based on the alleged recantation of a co-defendant. We review his claim de novo. *See Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019), *reh'g denied* (Jan. 16, 2020).

The record shows that the district court accepted Black's guilty plea after he admitted to removing clothing from and performing a sex act on the victim while she was unconscious and unable to render consent. The minutes of evidence state that the victim woke up briefly while Black was on top of her and later identified him from a photographic array. Black's co-defendant then engaged in a sex act with the victim. A third party witnessed the assaults and identified Black as one of the perpetrators.

In his second PCR application, Black alleges that three inmates who were incarcerated with his co-defendant told him that the co-defendant had "recanted." The PCR court described the content of the recantation as "unclear," noting the State never listed the co-defendant as a witness against Black. Black claims the co-defendant told other inmates he was offered a more lenient sentence for saying he saw Black sexually assault the victim. Black argues this evidence shows he is actually innocent of the crime.

To succeed on a claim of actual innocence, a PCR applicant "must show by clear and convincing evidence that, despite the evidence of guilt supporting the

---

[1] This court affirmed the denial of Black's first PCR application, filed in 2014. *Black v. State*, No. 17-1621, 2018 WL 6707732, at *1-2 (Iowa Ct. App. Dec. 19, 2018).

conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Dewberry*, 941 N.W.2d at 7 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, a PCR applicant must "prove he or she was actually innocent of the offense for which he or she was convicted." *Id.* at 6.

Black fails to meet his burden of proving actual innocence. The record does not contain any statements from the co-defendant or the other inmates who allegedly heard his recantation; the only evidence is Black's testimony of what these inmates told him, which the PCR court noted constitutes "at least double hearsay." In contrast, the two witnesses listed by the State who directly implicated Black—the victim and an eyewitness—never recanted. Weighing the evidence offered by Black—which the PCR court aptly described as "self-serving, uncorroborated, unverified, and therefore wholly unreliable"—against the other evidence in the record, we agree that Black falls far short of showing clear and convincing evidence that no reasonable fact finder could convict him of third-degree sexual assault. We therefore affirm the denial of Black's second PCR application.

**AFFIRMED.**